CHARLES S. WHITE et al., Appellants, v. JENS C. SMITH et al., Appellees; CHRIS T. SMITH, Appellant.

No. 40381.

JUNE 23, 1930.

*Ralph Maclean,* for plaintiffs, appellants.

*B. I. Salinger,* for Chris T. Smith, appellant.

*V. H. Byers,* for Jens C. Smith and V. H. Byers, appellees.

MORLING, C. J.—Defendant Chris T. Smith executed to plaintiffs for attorneys' fees for services rendered in a suit in which Jens C. Smith was plaintiff and Chris T. Smith defendant, the note here in suit, for $5,000, with interest, and to secure it, the mortgage herein being foreclosed. The mortgage is upon 200 acres of land. After the recording of the mortgage, judgment was entered in favor of Jens C. Smith and against Chris T. Smith for approximately $8,400. Later, plaintiffs demanded of Chris T. Smith further security for their $5,000 note, and received from him a mortgage upon his personal property. Jens C. Smith took out execution upon his judgment under which the 200-acre tract in question was sold to defendant V. H. Byers, for $6,000. Chris T. Smith appealed from the judgment of Jens C. Smith. The difference between the judgment for $8,400 and the $6,000 bid at the execution sale has been settled. Appellees have presented no argument. In their answer they say that the suit is premature. The note in suit contains an acceleration clause, under which the foreclosure was maintainable at the time the suit was commenced. Appellees allege that the two mortgages are being used for the purpose of defrauding the judgment creditor, Jens C. Smith, and that the mortgage sued on is for an excessive amount. The court found that there was no fraud, and that the mortgage was for a just sum. The finding is amply sustained by the evidence. Appellees have taken no cross-appeal.

The answer avers that the mortgagor took an appeal from the judgment in favor of Jens C. Smith, and is, therefore, not entitled to make redemption. No cross-petition against Chris T. Smith is filed, and his appeal from the judgment in favor of Jens C. Smith is no defense in behalf of any of the defendants to the foreclosure, nor are the rights of the appellees here involved affected thereby.

The answer alleges that the bid made by defendant Byers was on the belief that the plaintiffs' mortgage was invalid and excessive, and was made with intent of contesting the mortgage, and not with intent to purchase subject to the mortgage. The

answer further alleges that the judgment creditor, Jens C. Smith, and the execution purchaser, V. H. Byers, were entitled to marshaling of the real estate and chattels on which plaintiffs have their liens, or are entitled to subrogation to the chattel security.

The court found that there was no fraud; that the mortgage was for a just sum; that plaintiffs were entitled to judgment against Chris T. Smith for $5,150, with interest, the full amount of the note; but that it seemed to the court that plaintiffs were trying to protect the interests of the mortgagor, and that apparently, on general equitable considerations, the lien of the mortgage should be given priority as against appellees to the amount of $4,500 only; that no special execution against the real estate should issue until plaintiffs had proceeded against the chattel property of the mortgagor; that it was only doing equity, and not injury, to invoke the doctrine of marshaling of assets, to require the plaintiffs to proceed against the personal property. It was decreed that, upon sale of the chattel property under the chattel mortgage, and application of the proceeds to the judgment, special execution should issue for the sale of the real estate in an amount equal to the difference, if any, between the $4,500 and the net proceeds of the sale of the chattel property.

As has been stated, there is no cross-petition against Chris T. Smith, nor is there any cross-petition against the plaintiffs. A determination of the equities of Chris T. Smith would be essential to the marshaling of assets. Chris T. Smith and his equities are not before the court on any such issue. The evidence is that the land in question is subject to a first mortgage for $14,000, on which foreclosure has been commenced. It is subject to plaintiffs' mortgage of $5,000 and to defendant V. H. Byers' certificate of sale for $6,000. The liens against the land, therefore, including plaintiffs' mortgage and defendant Byers' certificate of sale, amount to $25,000, besides interest and costs, the amount of which is not shown. Appellee V. H. Byers testifies that the land is worth $18,000 to $23,000, but that:

"If Chris T. Smith was not involved in litigation, I should think his land would be worth from $125 to $130 an acre, but I don't think it would sell for that now."

On this assumption, the land, on appellees' evidence, is worth

$25,000 to $26,000. One witness for plaintiffs values the land at $28,000; another, at $27,000 to $28,000; two others, at $30,000 to $32,000. On this evidence, it must be found that the land is worth the amount of all of the liens against it, including the sheriff's certificate of sale held by defendant V. H. Byers. The fact, therefore, is that, if the land is redeemed from the execution sale, V. H. Byers will by such redemption then have been paid in full. If no redemption is made, V. H. Byers still has the land purchased by him, of a value above prior incumbrances equal to or greater than the amount of his bid and certificate of sale. If V. H. Byers were entitled to assail plaintiffs' mortgage for fraud, still no fraud is shown; and if fraud were shown, he has not been prejudiced. See *Kingman Plow Co. v. Knowlton*, 143 Iowa 25, 45. Plaintiffs are entitled to payment of their $5,000 and to the priority of their lien, in the absence of superior equities in appellees. The judgment debtor has the right to require of the purchaser at the execution sale the benefit of the bid, at least up to the amount of the value of the land. Marshaling of assets is an equitable remedy, to which the appellees, on this record, have not shown themselves to be entitled, either as against the plaintiffs or as against Chris T. Smith. Appellees have not shown themselves to have been legally prejudiced by the transactions here assailed. Plaintiffs were entitled to foreclosure against all of the defendants for the full amount of the note secured by the mortgage, with interest and costs, and were entitled to special execution accordingly. The decree will be so modified, and as modified, affirmed.—*Modified and affirmed.*

EVANS, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.